[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff herein, Gery Berthold, has brought an action to foreclose a mechanic's lien against the defendant owners of the subject property, Alfred M. Signore and Tina Signore.
The plaintiff rendered services and furnished limited materials in the construction of the defendant's residence at #8 Evergreen Terrace, Seymour, Connecticut. The services were rendered between October 15, 1995 and November 12, 1995. A Notice of Intention to Lien and Certificate of Mechanic's Lien were filed on December 28, 1995 having been served upon the defendants and filed on the land records on said date.
A verbal agreement was entered into between the parties wherein the plaintiff was to furnish the necessary labor while the defendants were to supply the materials for all of the tile work necessary in the construction of their home. The plaintiff did supply some incidental materials, namely mastic.
Mr. Berthold did the agreed upon work, claiming $3375.00 was due on which the defendants have paid the sum of $1100.00. The work was to be done at the rate of $3.50 per square foot for the installation of tile and $4.50 per square foot for any marble installed.
One of the areas of dispute evolves around the measurements employed, with the plaintiff alleging he was to be paid by the square foot. While the defendant claims the area was to be determined by the exact footage computed, the plaintiff alleges and the evidence produced at trial indicates that 10% to 15% was to be factored in to take care of any cutting or matching of tile that was necessary.
The plaintiff's expert testified that the practice in the CT Page 9409 trade was to add an additional 10% to 15% to take care of any cutting or matching of any tile that might be necessary.
The defendants allege that there are areas where tiles are cracked, tile grout is missing, or the wrong color grout employed, some tiles have fallen out and that in some areas sharp edges are present, making it hazardous.
The only witness other than the parties was a Mr. Alfred Hebert, a general contractor who in fact was initially the general contractor on this job. Evidently, the witness and Mr. Signore had a falling out which was previously settled by the witness and the defendants. Mr. Hebert corroborates the testimony of the plaintiff that in estimating a tile job, 10% to 15% is added to the square footage to make up for cuts and matching. Furthermore, he also testified that the going rate for the installation of tile is from $3.50 per square foot to $4.75 per square foot. He also testified that he saw the area in November before Thanksgiving and was impressed by the work.
The defendant, Mr. Signore, testified and introduced several photographs of tiles missing or cracked and tiles with sharp edges. There is no testimony by anyone corroborating his testimony.
"The court must have evidence by which it can calculate the damages, which is not merely subjective or speculative, but which allows for some objective ascertainment of the amount." Bronsonand Townsend v. Battestoni, 165 Conn. 321, 326-327.
There is no dollar estimate in evidence of the cost to correct the conditions alleged by the defendants nor is there any testimony from anyone qualified to assess the value of such claims. As indicated "the court must have evidence by which it can calculate the damages, which are not merely subjective or speculative, but which allows for some objective ascertainment of the amount." Bronson and Townsend, id. Waterbury PetroleumProducts, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208, 226 n 22. To recover damages the defendant in this instance must offer evidence to prove the claimed loss. Robert S. Weiss Associates,Inc. v. Wiederlight, et al., 208 Conn. 525, 541. This the defendant has failed to do.
On the contrary, the plaintiff has presented evidence to the court for its consideration. Evidence that corroborates his CT Page 9410 claims. Plaintiff's damages are found to be $2,375.04. The value of the property is found to be $220,000.00 with $65,000.00 allocated to the land and $155,000.00 to the improvements. A judgment of foreclosure by sale is ordered. The sale date shall be March 8, 1997. It is to take place on the premises at 12:00 noon. The deposit shall be $22,000.00 by way of a certified check. Advertising announcing the sale is to be in the New Haven Register on the two Sundays prior to the date of the sale. A sign may be erected on the premises no sooner than one month prior to the date of the sale. Attorney Peter Stark is appointed as the committee but is directed not to incur any expenses relating to the sale prior to February 1, 1997.
A title search fee of $150.00, an appraisal fee of $450.00 and a legal fee of $2,000.00 is granted.
The Court
By ______________________ Curran, JTR